**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT K. LAWSON,** | ) | **CASE NO. 4:05CV1896** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Respondent. | ) | **ORDER** |

This matter is before the Court upon Petitioner, Robert K. Lawson's, *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Dkt. #1). Also before the Court is the Government's Brief in Opposition to Petitioner's Motion (Dkt. #7) and Petitioner's reply (Dkt. #8). For the reasons set forth below, Petitioner's motion is **DENIED**.

**I. FACTUAL BACKGROUND**

On October 21, 2003, a federal grand jury indicted Petitioner, Robert K. Lawson, for violations of Title 21 U.S.C. § 841(a)(1) and (b)(1)(A) and Title 18 U.S.C. § 922(g)(1). Specifically, counts 1 and 2 of the indictment charged:

> On or about October 3, 2003, in the Northern District of Ohio, Eastern Division, ROBERT K. LAWSON did knowingly and intentionally possess with intent to distribute approximately 251.84 grams of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).
> ***

> On or about October 3, 2003, in the Northern District of Ohio, Eastern Division, ROBERT K. LAWSON did knowingly and intentionally possess with intent to distribute approximately 1,042.09 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

Count 3 of the indictment charged:

> On or about October 3, 2003, in the Northern District of Ohio, Eastern Division, ROBERT K. LAWSON did knowingly possess, in and affecting interstate commerce, a firearm, to wit, a Pietro Beretta 9 millimeter semi-automatic pistol, Model 92F, serial number C73571Z, after having been convicted previously of crimes punishable by imprisonment for a term exceeding one year, that is:
>
>> Trafficking in Drugs, Bulk Amount, in violation of Ohio Revised Code Section 2925.03, and Violation of Drug Law, in violation of Ohio Revised Code Section 2925.11, in the Cuyahoga County Court of Common Pleas, Case Number CR-328042, on May 23, 1996, and
>>
>> Trafficking in Drugs, in violation of Ohio Revised Code Section 2925.03, and Drug Abuse, in violation of Ohio Revised Code Section 2925.11, in the Cuyahoga County Court of Common Pleas, Case Number CR-335577, on May 23, 1996;
>
> all in violation of Title 18, Section 922(g)(1), and punishable under Title 18, Section 924(a)(2), United States Code.

(Case No. 1:03cr398, Dkt. #7). At his arraignment on January 12, 2004, Petitioner entered a plea of not guilty to each of the charged offenses. (Case No. 1:03cr398, Dkt. #15).

Petitioner, while represented by counsel, entered into a plea agreement with the Government on March 1, 2004, pleading guilty to all three counts of the indictment. (Case No. 1:03cr398, Dkt. #16, 18). The Court accepted the plea agreement and on July 23, 2004, sentenced Petitioner to, *inter alia*, 262 months of imprisonment followed by ten years of supervised release. Petitioner did not file a direct appeal of his sentence or conviction.

On August 2, 2005, Petitioner filed the present Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. In his motion, Petitioner alleges that his defense counsel acted ineffectively by (1) "informing petitioner to plead guilty to the government's plea agreement that included all counts as charged;" (2) "failing to argue the interstate commerce element" in count 3 of the indictment; and (3) failing to object to the Court's use of Petitioner's criminal history to enhance his sentence. (Dkt. # 1).

**II.    STANDARD OF REVIEW**

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Furthermore, 28 U.S.C. § 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green v. United States, 445 F.2d 847, 848 (6th Cir. 1971); Bryan v. United States, 721 F.2d 572, 577 (6th Cir. 1983).

**III.   ANALYSIS**

Petitioner alleges ineffective assistance of counsel in relation to each of the claims asserted in the present motion. As such, this Court will review those claims to determine whether defense counsel effectively represented Petitioner under the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Supreme Court set out a two-part test to evaluate ineffective assistance of counsel claims. In a successful claim, a

criminal defendant must show (1) that his counsel's representation fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 688-94. In short, a petitioner must demonstrate both deficient performance and prejudice. Strickland, 466 U.S. at 686.

The Supreme Court has also held that a court's review of counsel's performance "must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689. Furthermore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Darden v. Wainright, 477 U.S. 168, 185-86 (1985) (citations omitted).

*Ineffective Assistance of Counsel: Count One*

In his motion, Petitioner alleges that his defense counsel "rendered ineffective assistance of counsel when he informed the petitioner that his best interest would be to plea to the charges because he would receive a life sentence if he choose [sic] to go to trial." (Dkt. #1). Petitioner argues that "[i]f the counsel had done some investigation, he would have been able to make an effect in [sic] having at least one (1) of the petitioner [sic] count [sic] dropped." (Dkt. #1). Essentially, Petitioner is contending that he did not enter into his guilty plea knowingly, intelligently and voluntarily.

On March 1, 2004, Petitioner entered into a plea agreement setting forth the elements of the charges brought against him, the agreements and stipulations of the parties, and the factual bases for the charges. Petitioner signed and dated the agreement, declaring that he had read the plea agreement, discussed it with his attorney, and understood and approved of its provisions. Paragraphs 15 and 16 of the plea agreement provide:

> 15. The defendant, ROBERT K. LAWSON, acknowledges that his offer to plead guilty is freely and voluntarily made and that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty. The defendant further declares that he is not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair his ability to fully understand the terms and conditions of the plea agreement.
>
> 16. The defendant, ROBERT K. LAWSON, further acknowledges that he has discussed this case and the plea agreement with his attorney in detail and has been advised by his attorney of the constitutional and other rights of an accused, the factual basis for and the nature of the offenses to which the guilty pleas will be entered, possible defenses, and the consequences of the guilty plea. The defendant hereby declares that he is fully satisfied with the legal counsel and assistance provided by his attorney.

(Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶¶ 15-16).

Furthermore, Petitioner's signature on the plea agreement clearly acknowledges that his decision to plead guilty was voluntary. Paragraph 17 of the plea agreement states:

> 17. The defendant and his legal counsel further acknowledge that no assurances, promises, or representations have been given by the United States or by any of its representatives which are not contained in this written agreement. This plea agreement sets forth the full and complete terms and conditions of the agreement between the defendant and the government.

(Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 17). In exchange for Petitioner's entering a plea of guilty to the grand jury's indictment, the Government agreed to forego the

filing of an enhancement for a second prior conviction which would have increased the mandatory minimum sentence to life imprisonment. (Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 10). The Government further agreed not to seek an upward departure from the applicable guideline range. (Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 10).

Consequently, defense counsel, rather than acting ineffectively, obtained the best possible plea bargain for his client. As Petitioner agreed voluntarily to the plea agreement with full knowledge of the consequences of that plea, and received a sentence well within the range contemplated by that agreement, he should now be held to his bargain. As such, Petitioner's first claim of ineffective assistance of counsel fails.

*Ineffective Assistance of Counsel: Count Two*

Petitioner next contends that his defense counsel acted ineffectively by "refus[ing] to inform [Petitioner] that the government would have had to prove the jurisdictional element of 18 United States Code § 922(g), those [sic] element would have been proof of possession . . . '[i]n or affecting' commerce." (Dkt. #1). Petitioner argues that "[i]n absence of proof that the petitioner's conduct had an economic component, there shouldn't have been no [sic] basic [sic] for federal prosecution under 18 United States Code § 922(g) because the possession of a firearm, without more, is not an economic activity." (Dkt. #1).

The "in or affecting commerce" element found in 18 U.S.C. § 922(g) requires that the Government prove only that the firearm was manufactured outside the state of possession. United States v. Fish, 928 F.2d 185, 186 (6th Cir.1991). "[F]irearms possessed in a state other than the state of manufacture constitute firearms in or affecting commerce." Id.

(citations omitted). Moreover, "[t]he Supreme Court has held that proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving the 'in commerce or affecting commerce' element." United States v. Chesney, 86 F.3d 564, 571 (6th Cir.1996).

In the instant matter, an investigation by the Government revealed that "the Pietro Beretta pistol" in Petitioner's possession "was manufactured outside the State of Ohio and had moved in interstate commerce." (Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 14). By entering into the plea agreement, Petitioner expressly agreed to the findings of the Government's investigation. Defense counsel cannot be deemed ineffective for failing to raise an argument questioning facts freely agreed to by his client. Accordingly, Petitioner's argument fails on this claim.

*Ineffective Assistance of Counsel: Count Three*

Finally, Petitioner asserts that the Court violated his Fifth and Sixth Amendment rights in using his prior criminal history to enhance his sentence. Petitioner argues that his defense counsel acted ineffectively when he failed to challenge the Court's use of a firearm enhancement, contending that "the indictment failed to informed [sic] the petitioner of what penalty (two points enhancement for having a firearm with possession of some drugs) that the government intended to use against him under a conviction." (Dkt. #1)(emphasis removed). Specifically, Petitioner contends that the Government's failure to charge him with a violation of Title 18 U.S.C. § 924(c) constitutes a violation of his constitutional rights.

The United States Court of Appeals for the Sixth Circuit has found that "there is a

distinction between possession of firearms required for enhancement under the Guidelines and 'using and carrying' required for a violation of section 924(c)(1)" United States v. Blankenship, 954 F.2d 1224, 1227 (6th Cir.1992)(citations omitted). Furthermore, "[e]nhancement is appropriate where the government can show that a defendant had constructive possession of the firearm." Id.

Petitioner appears to argue that the Court engaged in impermissible judicial fact-finding in using the sentencing enhancement in question. However, the Court's determination is clearly supported by facts admitted by Petitioner in the plea agreement. In signing the plea agreement, Petitioner admitted to the following facts:

> A. On or about October 3, 2003, officers from the Cleveland Police Department, Federal Bureau of Investigation and other state and federal law enforcement agencies executed a search warrant at 10228 Almira Avenue, Cleveland, Ohio. During the search, officers seized 251.84 grams of crack cocaine, 1,042.09 grams of powder cocaine and a Pietro Beretta 9 millimeter semi-automatic pistol, Model 92F, serial number C73571Z. Said amounts of powder and crack cocaine were determined by laboratory analysis.
>
> B. ROBERT K. LAWSON was present at the residence during the search. LAWSON admitted the knowing possession of the crack cocaine, powder cocaine and the firearm.

(Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 14). Furthermore, Petitioner explicitly agreed to the application of the two-level enhancement:

> 10. The parties agree that for Count 3, the United States Sentencing Guidelines Section 2K2.1 establishes a base offense level of 24. The parties agree that for Counts 1 and 2, the United States Sentencing Guidelines Section 2D1.1 establishes a base offense level of 34; and that two (2) levels will be added pursuant to Section 2D1.1(b)(1), because a firearm was possessed.

(Case No. 1:03cr398, Dkt. #18, Plea Agreement at ¶ 10).

The Sixth Amendment regulates only disputed facts, not facts stipulated by the defendant. United States v. Bradley, 400 F.3d 459, 462 (6th Cir.2005); *see also* Booker v. Fanfan, 543 U.S. 220, 232 (2005)( "the statutory maximum . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or **admitted by the defendant**.")(citations omitted and some emphasis removed). As evidenced in the plea agreement, Petitioner not only admitted to the facts giving rise to the two-level sentencing enhancement, but agreed to the two-level increase itself. Accordingly, Petitioner's argument fails on this point as well.

## IV.  EVIDENTIARY HEARING

Finally, section 2255 requires a district court to "grant a prompt hearing" when such a motion is filed, and to "determine the issues and make findings of fact and conclusions of law with respect thereto" unless "the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief." Green, 445 F.2d at 848; Bryan, 721 F.2d at 577 (6th Cir. 1983).

In the case *sub judice*, Petitioner is not entitled to an evidentiary hearing because "the motion and the files and the records of the case conclusively show that [Petitioner] is entitled to no relief." Green, 445 F.2d at 848. Accordingly, Petitioner's request for an evidentiary hearing is denied.

## V.  CONCLUSION

For the reasons stated above, the Court hereby orders the petition under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody is **DENIED**.

Accordingly, this action is **DISMISSED**.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

**IT IS SO ORDERED.**

                                        **/s/ Peter C. Economus - April 13, 2006**
                                        **PETER C. ECONOMUS**
                                        **UNITED STATES DISTRICT JUDGE**